IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderick English, | ) | C/A No.: 1:13-2857-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| T. Benjamin Arthur McLamb; Ann M. Dwyer; Pravin R. Patel; Fazal Khan; Richard S. Johnson; LPN Michelle D. Fox; Sylvia Roberts; Amoret Floyd; Joann Boards; Adrienne N. Logan; Terrie Leonard; RN Powell; Eileen Delany; and Donna Lo'Daniel, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Roderick English, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a denial of medical treatment by the following employees of the South Carolina Department of Corrections ("SCDC"): T. Benjamin Arthur McLamb; Ann M. Dwyer; Pravin R. Patel; Fazal Khan; Richard S. Johnson; LPN Michelle D. Fox; Sylvia Roberts; Amoret Floyd; Joann Boards; Adrienne N. Logan; Terrie Leonard; RN Powell; Eileen Delany; and Donna Lo'Daniel (collectively "Defendants"). [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

1

I.   Factual and Procedural Background

Plaintiff alleges that Dr. Fazal Khan filed a report on July 10, 2004, indicating Plaintiff would receive medications for anxiety beginning on October 2, 2004. [Entry #1 at 3]. Plaintiff claims that Khan "never advised me he was going to place the medication in pharmacy for me to pick-up." *Id.* at 3. The remaining defendants are listed as medical personnel at Evans Correctional Institution who Plaintiff alleges knew, or should have known, that he did not receive the medications. *Id.* at 3–5, 7. As relief, Plaintiff seeks medical records disclosing the names of the medications Defendants allegedly failed to provide in 2004 and 2005. *Id.* at 6.

II.  Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To the extent Plaintiff alleges deliberate indifference to his medical needs by Defendants in 2004 and 2005, his claims are barred by the statute of limitations. Plaintiff admits "this is over the time frame for fil[ing]." [Entry #1 at 3]. In civil rights cases, this court must apply South Carolina's general personal injury statute of limitations. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007) ("federal law looks to the law of the State in which the cause of action arose" to determine the applicable statute of limitations); *Burnett v. Grattan*, 468 U.S. 42, 48–49 (1984). Under South Carolina law, the statute of limitations for a personal injury claim is three years. *See* S.C. Code Ann. § 15-3-530(5).

Thus, the limitations period for Plaintiff to file suit for civil rights violations that occurred in 2004 and 2005 has long expired.[1] *See Finch v. McCormick Corr. Inst.*, C/A No. 4:11-858-JMC-TER, 2012 WL 2871665, at *3 (D.S.C. June 15, 2012) (granting summary judgment for deliberate indifference claim falling outside the three-year South Carolina statute of limitation), *adopted by* 2012 WL 2871746 (D.S.C. July 12, 2012).

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 1, 2013  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the court is authorized to anticipate clearly apparent affirmative defenses available to Defendants in determining whether, under § 1915, process should be issued. *See Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).