IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick Jerome English, ) | C/A No. 1:13-2857-JFA-SVH |
| Plaintiff, ) | |
| ) | O R D E R |
| vs. ) | |
| T. Benjamin Arthur McLamb; Ann M. Dwyer; ) Pravin R. Patel; Fazal Khan; Richard S. ) Johnson; LPN Michelle D. Fox; Sylvia Roberts; ) Amoret Floyd; Joann Boards; Adrienne N. ) Logan; Terrie Leonard; RN Powell; Eileen ) Delaney; and Donna Lo'Daniel, ) | |
| Defendant. ) | |

The *pro se* plaintiff, Roderick Jerome English, is an inmate with the South Carolina Department of Corrections (SCDC). He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants failed to provide him with his medications in 2004 and 2005.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

2

The plaintiff was advised of his right to file objections to the Report and Recommendation. His response to the Report merely repeats the claims in his original complaint and provides no specific objection to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge properly opines, to the extent the plaintiff alleges deliberate indifference to his medical needs by the defendants in 2004 and 2005, his claims are barred by the statute of limitations, which under South Carolina law is three years. As this court declines to exercise supplemental jurisdiction over any state law causes of action raised in the complaint, plaintiff's request for this court to transfer his case to Richland County to avoid a new filing fee is denied.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections, the court finds the Magistrate Judge's recommendation proper and adopts and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

April 1, 2014
Columbia, South Carolina

2